IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(AT NEW ALBANY)

JOSH T. WELLMAN     PLAINTIFF
3290 Highway 335 NE
Crandall, Indiana 47114

v.

EQUIFAX INFORMATION SERVICES, LLC     DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

         SERVE:    CSC-Lawyers Incorporating Service Co.
                            421 W. Main St.
                            Frankfort, KY 40601
                            (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Josh T. Wellman, and for his Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), state as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiffs' disputes regarding an alleged state tax liens.

### II. PARTIES

2. Plaintiff, Josh T. Wellman, is currently and was at all relevant times a citizen of the State of Indiana residing at 3290 Highway 335 NE, Crandall, Indiana 47114.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Harrison County, Indiana as a result of the Defendant doing business in Harrison County, Indiana.

## IV. FACTUAL BACKGROUND

8. In August 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, discovered a number of state tax liens reporting on his Equifax credit report and disputed Equifax's reporting of the tax liens.

9. In September 2016, Plaintiffs received Equifax's dispute results. Those results falsely indicated that four of the state tax liens were non-existent and/or were not reporting to Equifax. Specificall, Equifax's dispute results indicated that Docket Nos. 11041526, 10535756, 08680443, and 09114338 were non-existent or not reporting on Plaintiff's Equifax credit report.

10. Equifax's false reporting and its failure to investigate Plaintiff's disputes have

damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Equifax's failure to properly investigate Plaintiff's disputes.

## V. CLAIMS

### Negligence

11. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 10 as if fully set forth herein.

12. Equifax's failure to properly investigate Plaintiff's disputes and its consequent failure to remove the state tax liens from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax disputing the state tax liens, was negligent.

13. In failing to properly investigate Plaintiff's disputes of the state tax liens, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

14. Equifax's negligent failure to properly investigate Plaintiff's disputes of the state tax liens and its consequent failure to remove the state tax liens from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

15. Equifax's failure to properly investigate Plaintiff's disputes of the state tax liens and its consequent failure to remove the state tax liens from Plaintiff's credit report, despite Plaintiff's lawful disputes to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

16. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

17. Equifax's failure to properly investigate the disputed items and its consequent

failure to remove the disputed items from Plaintiff's credit report is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

18. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's disputes is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

19. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

20. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

22. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

23. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages,

for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Josh T. Wellman, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Josh T. Wellman, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Josh T. Wellman

STATE OF INDIANA                    )
                                    ) SS
COUNTY OF HARRISON                  )

Subscribed, sworn to and acknowledged before me by Josh T. Wellman this ___ day of _____, 2016.

_____
Notary Public

Commission expires: